In the Matter of the Petition of David M. Krieger for a Writ of Habeas Corpus.

David M. KRIEGER, Petitioner,

v.

Brig. Gen. James TERRY, U.S.A., Commanding General, 29th Infantry Brigade, Schofield Barracks, Oahu, Hawaii; Col. James Currie, Executive Officer, 29th Infantry Brigade; and Stanley Resor, Secretary of the Army, Respondents.

Civ. No. 2966.

United States District Court
D. Hawaii.

May 16, 1969.

Greenstein & Cowan, by Brook Hart, Honolulu, Hawaii, for petitioner.

Brig. Gen. James Terry, USA, Col. James Currie, and Stanley Resor, Yoshimi Hayashi, U. S. Atty., District of Hawaii, by Michael R. Sherwood, Asst. U. S. Atty., Honolulu, Hawaii, for respondents.

## DECISION

TAVARES, District Judge.

The above matter having come on regularly for hearing on the 9th day of May, 1969, and continued over to the 13th day of May, 1969, and oral arguments having been heard in support of the memorandums previously filed herein, and the Court being fully advised in the law and the premises.

It is hereby adjudged that the petition for Writ of Habeas Corpus heretofore filed herein, should be dismissed and the Restraining Order heretofore issued out of this Court should be vacated, except as such Restraining Order is temporarily extended, as hereinafter set forth.

The Court finds the following facts:

On June 16, 1964, petitioner voluntarily enlisted in the United States Army Reserves. He served in the Army Reserves as an enlisted man until June 22, 1967. During this period he voluntarily attended the Hawaii Army National Guard Officer Candidate School, and graduated from this school as valedictorian of his class.

On June 23, 1967, petitioner was commissioned in the United States Army Reserves as a 2nd Lieutenant, Infantry. He served as an Infantry Officer from the date of his commission until June 1, 1968, and ever since.

On June 1, 1968, petitioner was ordered to active duty in the United States Army.

On November 8, 1968, petitioner filed an application for conscientious objector status and for discharge from the Army due to his conscientious objection.

On November 12, 1968, Captain Thomas S. Hyun, Jr., the Commanding Officer of petitioner's company, recommended disapproval of petitioner's application. Captain Hyun's recommendation is attached to petitioner's petition as Exhibit D-1. Subsequent to Captain Hyun's recommendation, petitioner requested an interview with Captain Hyun, and pursuant to this request Captain Hyun interviewed and talked with petitioner concerning the reasons for Captain Hyun's recommendation. See affidavit of Captain Hyun, attached to Respondent's Memorandum as Exhibit 1, and incorporated herein by reference.

On November 13, 1968, Lt. Colonel Tokairin, acting through his Adjutant, Captain David A. Ferguson, recommended disapproval of petitioner's application. This recommendation of disap-

proval is attached to petitioner's petition as Exhibit D-2. Lt. Colonel Tokairin read petitioner's application and the letters of reference in support thereof in reaching his decision. See affidavit of Captain David A. Ferguson, attached as Exhibit 2 to Respondent's Memorandum, and incorporated herein by reference.

On November 25, 1968, petitioner was interviewed by Chaplain Kiyoichi Itokazu, assistant brigade chaplain, pursuant to Army Regulations 635–20(4) (c). Chaplain Itokazu recommended approval of petitioner's application. This recommendation is attached to petitioner's petition as Exhibit D-8.

On December 2, 1968, again pursuant to AR 635–20(4) (c), petitioner was examined by a psychiatrist, Lt. Col. Robert L. Pettera, Commander, United States Army Medical Service Activities, Hawaii; Chief of Mental Hygiene. Lt. Col. Pettera's report is appended to petitioner's petition as Exhibit D-6.

On December 3, 1968, Brigadier General Shaefer, Commanding Officer of the 29th Infantry Brigade, acting through his Adjutant General, Major Yukio Takeya, recommended disapproval of petitioner's application. This recommendation is attached to petitioner's petition as Exhibit D-3.

On December 6, 1968, petitioner appeared before Captain William M. Connor, Jr., who, pursuant to AR 635–20(4) (d), was "an officer in the grade of 0–3, or higher, who is knowledgeable in policies and procedures relating to conscientious objector matters." Also pursuant to that section, petitioner's civilian counsel was present during petitioner's appearance. Based upon the results of that interview, on his personal study of petitioner's application for conscientious objector status, including the letters of reference attached thereto, on his study of the regulations and legal rulings pertinent to conscientious objector matters, and also apparently upon some "other inquiry into the merits of the application," see AR 635–20(4) (d) (1), consisting of interviews of two of petitioner's fellow O.C.S. students, Captain Connor recommended disapproval of petitioner's application. Captain Connor entered his recommendations and the reasons therefor into the file as required by AR 635–20(4) (d) (1). Captain Connor's recommendation, and the reasons therefor, are appended to petitioner's petition as Exhibit D-5.

On December 10, 1968, General Lassiter, Commanding General, Headquarters, United States Army, Hawaii, acting through his Adjutant General, Colonel William H. James, recommended disapproval of petitioner's application, and set forth the reasons for such recommendation. This recommendation and the reasons therefor are appended to petitioner's petition as Exhibit D-4. General Lassiter's recommendation was based upon the recommendation of Colonel James, which in turn was based upon a consideration of petitioner's application, including all the letters of reference attached thereto, the psychiatric evaluation by Colonel Pettera, the report of the interview by Captain Connor, and the report of the interview by Chaplain Itokazu. See affidavit of Colonel William M. James, attached as Exhibit 3 to Respondent's Memorandum, and incorporated herein by reference.

On December 11, 1968, General Ralph E. Haynes, Commander-in-Chief, United States Army Pacific, acting through his Deputy Adjutant General, Colonel John F. Dunn, by Lt. Col. Charles E. Zimmer, recommended disapproval of petitioner's application. This recommendation is appended to petitioner's petition as Exhibit D-7. Lt. Col. Zimmer read and considered petitioner's application and the supporting letters of reference attached thereto, in addition to the series of preceding recommendations and comments, in arriving at his recommendation for the General. No reasons were given for the recommendation in order to avoid redundancy, since the reasons were essentially the same as those of the Commanding General of Headquarters United States Army, Hawaii, as signed by Colonel James. See affidavit of Lt. Col.

Zimmer, attached as Exhibit 4 to Respondent's Memorandum, and incorporated herein by reference.

On January 17, 1969, pursuant to Department of Defense Directive No. 1300.6 (IV) (D) (3) (c) (2), (attached to petitioner's petition as Exhibit B), the Adjutant General, United States Army, requested an advisory opinion from the Director of Selective Service as to what the proper classification of petitioner would be under the Military Selective Service Act of 1967. Attached to this letter of request was petitioner's application, including the letters of reference attached thereto, and the various recommendations and reports of interviews mentioned above. This letter is attached to Respondent's Memorandum as Exhibit 5 and is hereby incorporated by reference.

On January 28, 1969, the Director of Selective Service, Lewis B. Hershey, responded to the request of the Adjutant General by advising that, based upon the information contained in petitioner's file, "it is my opinion that 2nd Lt. David M. Krieger would not be classified as a conscientious objector if he were being considered for induction at this time." This letter from the Director of Selective Service is attached as Exhibit 6 to Respondent's Memorandum, and incorporated herein by reference.

On or about February 3, 1969, the reviewing board of the Department of the Army met and considered petitioner's application. The three board members unanimously disapproved petitioner's application, as did reviewing officer Lt. Col. Norman D. Selby. See the analyst check sheet and attached comments of the three board members attached as Exhibits 7-A, 7-B, 7-C and 7-D to Respondent's Memorandum, and incorporated herein by reference.

On February 18, 1969 petitioner was informed of the decision of disapproval by the Secretary of the Army, acting through the Adjutant General. Pursuant to AR 635-20(4) (h), the Adjutant General included the reason for the disap-

proval, which was that the evidence indicated that petitioner's "professed objection" was "not sincere." This letter is attached as Exhibit B to Respondent's Memorandum, and is hereby incorporated by reference.

On March 7, 1969, the date upon which petitioner filed his petition for a Writ of Habeas Corpus in this court, petitioner had not made application to the Army Board for the Correction of Military Records for review of his case, as provided by 32 C.F.R. § 581.3.

On March 5, 1969, the United States Court of Appeals for the Ninth Circuit handed down its decision in Craycroft v. Ferrall, 408 F.2d 587 (No. 22,582 and 22,895, consolidated for appeal). In that decision the court noted that the District Court's initial dismissal of Craycroft's complaint was predicated on a finding that Craycroft had not exhausted the opportunities to present his complaints in an appropriate military judicial proceeding. The Appellate Court did not determine whether it was necessary, as the Government contended, for Craycroft to undergo a court-martial and to exhaust all available appeals and military remedies, since it clearly appeared that Craycroft had not exhausted the military administrative remedies that were available to him. Instead, the Court of Appeals merely found that Craycroft had the Board for Correction of Naval Records as a potentially available source of relief. Having failed to apply to such Board, the Appellate Court concluded that Craycroft had not exhausted the administrative remedies open to him at the time he sought relief in the District Court.

The factual background of the Craycroft case is so similar to that of the instant case that this Court also concludes that the petitioner herein had not exhausted his administrative remedies when his application was made to this Court and that the Appellate Court's decision in that case is controlling upon this District Court under the facts of the instant case.

Although it has been argued that the Craycroft case mistakenly assumes that the Board for the Correction of Naval Records would assume jurisdiction of the question involved, and that the Naval Board has since ruled contra, there is reason to believe, in the light of the Craycroft decision and the fact that the Army Board for the Correction of Military Records has consistently assumed jurisdiction of cases of this nature, that the Naval Board also will alter this stand, even if it has previously taken such a stand.

At any rate, there is no question in the Court's mind but that in this case the Board for the Correction of Military Records will accept jurisdiction of the matters in issue here, and hence this Court rules that the Craycroft decision is applicable to this case.

The Motion to Dismiss the Petition and to vacate the Restraining Order filed by the respondents is based upon two grounds: (1) that the Court lacks jurisdiction over the subject matter and the person, relying primarily on the Craycroft case, and (2) that the Petition fails to state a claim upon which relief can be granted.

The first ground, based on the Craycroft case, would be sufficient to dispose of this matter, in that, as this Court rules, the petitioner has failed to exhaust his administrative remedies, although he has applied, subsequent to the filing of his original petition herein, to the Board for the Correction of Military Records, which has not yet, so far as appears from the record, taken final action thereon.

■ However, the Court has actually carefully reviewed the entire file and all evidentiary matter, arguments and authorities presented in connection with this case, as though it had jurisdiction to do so, and finds that, assuming for the purposes of argument that all of the alleged facts relied upon by petitioner were proven, and assuming that this Court had jurisdiction to decide the case on the merits, the record as a whole does not present a claim upon which relief can be granted to petitioner.

■ The Court holds that it can *not* reasonably be said that the result reached by the military authorities in this case in the matter of the petitioner's application for discharge as an alleged conscientious objector, has no factual basis whatsoever, or to put it another way, the Court finds that such result is reasonably supported by the undisputed facts shown by the record. In other words, as stated orally by the Court, although many of the same circumstances are relied upon by each side as justification for drawing inferences which as between the petitioner and the respondents are absolutely contradictory, this Court cannot say that the inferences drawn by the respondents in connection with the refusal to grant the petitioner's application for discharge as a conscientious objector, are unreasonable.

■■ As to the other contentions advanced by the petitioner in support of the petition, the Court, without going into detail, finds them not sustainable on the facts and the applicable law. Among other things, the claim that the fact that one of the hearing officers, Capt. William M. Cannon, Jr., had two ex parte interviews or consultations with individuals who had been in the same Hawaii Army National Guard O.C.S. class with Krieger, "violates the basic constitutional right of every citizen to confront the witnesses against him and to have an opportunity to answer their statements and accusations," is not well taken. This right is generally conceded to exist in criminal cases, but not to the same extent, if at all, in administrative proceedings.

It is quite evident to this Court that these two interviews were not the controlling considerations upon which Capt. Connor based his recommendation, and he specifically stated the names of the persons interviewed and what in substance they purportedly said, which is as much as the Government received from the ex parte affidavits and letters attached to the petition.

There remains the contention, urgently presented to this Court, on the part of petitioner, that notwithstanding the Court's decision and the Craycroft case, this Court should extend the existing restraining order or grant a new one, restraining and enjoining respondents,

(1) "from ordering the petitioner to combatant training and to duties involving the use and handling of weapons," and

(2) "from removing petitioner out of this federal judicial district," and

(3) restraining and enjoining respondents from "prosecuting or commencing a court martial against petitioner for any refusal to act or obey an order which refusal is consistent with the petitioner's claim as a conscientious objector;"

so as to preserve the status quo until the Court of Appeals for the Ninth Circuit shall have passed upon petitioner's announced prospective appeal from the Order of this Court to be entered consistently with this opinion.

 With respect to such contention, this Court, in the light of Note No. 18[1] to the Craycroft case, supra, being the last note to that decision, feels that there is justification for preserving the status quo for a time sufficient to enable the petitioner to apply to a judge of the Court of Appeals for a further stay, if any judge of that court feels that there is jurisdiction and good cause for such extension, and therefore this Court will order that the present restraining order be extended or renewed until ten days after the date of filing of the Order to be entered pursuant to this decision, excluding Saturdays, Sundays and holidays.

This decision is to be filed as of May 13, 1969 (being the date of this Court's oral decision), nunc pro tunc.

---

1. This note states:
 "We have not intended to express, and we do not express, any opinion as to the course of action which the District Court might properly take in the event one in Craycroft's position should eventually be able to allege and prove that unreasonable delay in the processing of invoked administrative remedies had occurred or was threatened. Cf. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22 (1965)."