**David M. KRIEGER, Appellant,**

v.

**Brig. Gen. James TERRY, U.S.A., Commanding General, 29th Infantry Brigade, Schofield Barracks, Oahu, Hawaii; Col. James Currie, Executive Officer, 29th Infantry Brigade; and Stanley Resor, Secretary of the Army, Appellees.**

**No. 24319.**

United States Court of Appeals
Ninth Circuit.

June 25, 1969.

Brook Hart (argued), Greenstein & Cowan, Honolulu, Hawaii, for appellant.

Michael R. Sherwood (argued), Asst. U. S. Atty., Yoshimi Hayashi, U. S. Atty., Honolulu, Hawaii, for appellees.

Before HAMLEY and KOELSCH, Circuit Judges, and SOLOMON, District Judge.*

HAMLEY, Circuit Judge:

This is an appeal from a district court order dismissing without prejudice an application for a writ of habeas corpus to compel discharge of the applicant from the United States Army as a conscientious objector.

The applicant and appellant, David M. Krieger, is a Second Lieutenant in the United States Army, with a present duty assignment at Schofield Barracks Army Reservation, Oahu, Hawaii. Because of such duty, Krieger is to be regarded as in the custody of Brig. Gen. James Terry, U.S.A., Commanding General, 29th Infantry Brigade, under the command of Stanley Resor, Secretary of the Army.

On November 8, 1968, pursuant to AR 635–20(4), Krieger formally applied for a discharge from the United States Army on the ground of his conscientious objection to military service. On February 26, 1969, after his application had been processed, Krieger received notice from the Secretary of the Army, acting through the Adjutant General, that the application for discharge had been disapproved. The reason given for such disapproval was that it had been determined that Krieger's "professed objec-

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

tion, based upon religious training and belief, to participation in war in any form is not sincere."

On February 26, Krieger was placed under orders to be transferred to Ft. Benning, Georgia, not later than March 24, 1969. According to advice given him, he would there be engaged in jungle warfare training preparatory to deployment to Vietnam for combat duty.[1]

On March 7, 1969, Krieger applied to the United States District Court for the District of Hawaii for a writ of habeas corpus ordering his release from the Army with an honorable discharge. The grounds relied upon by Krieger in seeking this relief were that there is no basis in fact for the denial of his conscientious objector claim, and that in the processing of his claim, he was deprived of procedural due process in several respects. In his application, Krieger also sought an order restraining his redeployment from the District of Hawaii, and restraining his superior officers from assigning him duties involving training in jungle warfare and the handling of weapons, pending disposition of the habeas proceeding.

On the day this application was filed, the district court entered a show cause order. The order also granted the temporary injunctive relief sought and temporarily restrained the commencement of prosecution of a court martial against Krieger for any refusal to act or obey on order which conflicts with Krieger's claim as a conscientious objector.

Instead of filing a return to the show cause order, the respondents named in the application, appellees here, filed, on April 23, 1969, a motion to dismiss the application and vacate the restraining order. In a supporting memorandum, respondents argued that Krieger had failed to exhaust his administrative remedies and, therefore (a) the court lacked jurisdiction over the subject matter and the person, and (b) the application failed to state a claim upon which relief can be granted.

On May 2, 1969, Krieger made application to the Army Board for Correction of Military Records (Army Board), pursuant to 32 C.F.R. § 581.3, to overturn the denial of his conscientious objector claim.

Following argument, the district court, on May 15, 1969, 300 F.Supp. 242, entered an order dismissing the habeas corpus application without prejudice and vacating the restraining order. However, the court granted a brief stay to enable Krieger to apply to this court for a further stay. Krieger appealed to this court and moved for a stay pending appeal. On May 26, 1969, we granted a stay pending disposition of the appeal and expedited the appeal. The appeal was argued before this court on June 17, 1969.

The district court gave alternative reasons for dismissing the application, namely, (1) Krieger has failed to exhaust his administrative remedies since he has not yet obtained a final decision by the Army Board, and (2) the record as a whole does not present a claim upon which relief can be granted because the denial of the conscientious objector claim has a basis in fact and there was no constitutional defect in the proceedings leading to such denial.

In holding that the application should be denied because of failure to exhaust administrative remedies, the district court relied upon Craycroft v. Ferrall, 9 Cir., 408 F.2d 587. This court there held, among other things, that: (1) under the circumstances of that case, an application to the Board for the Correction of Naval Records (Navy Board) was an administrative remedy available to Craycroft who was seeking discharge from the Navy as a conscientious objector, and (2) under the circumstances of that case the district court did not abuse its discretion in holding that Craycroft should exhaust that administrative remedy before seeking habeas relief.

1. The court has been advised by Krieger's counsel that these orders were revoked by the Department of the Army on June 6, 1969, and that there are no other standing orders pertaining to Krieger.

We first address ourselves to the district court holding that review by the Army Board is an available administrative remedy which Krieger has not exhausted.

In our opinion, the fact that, in this case, the further reviewing agency is the Army Board (32 C.F.R. § 581.3), rather than the Navy Board (32 C.F.R. § 723), involved in *Craycroft,* does not render *Craycroft* inapplicable. The rationale of *Craycroft,* if not its direct holding, applies to the remedy afforded by both boards. Moreover, the specific procedures to be followed in matters before the Army Board and the Navy Board are virtually identical. Compare 32 C. F.R. §§ 581.3(c) (2) and (5), (d) (1), (3) and (4) and (f) (1) (c), with 32 C. F.R. § 723.3–723.9.

Krieger calls attention to the fact that, on April 22, 1969, which was after the opinion in *Craycroft* was filed, the Navy Board and the Secretary of the Navy determined, in two instances, that a conscientious objector case is not properly a matter for consideration by the Board. Appellees make no reply to this argument. The district court rejected the argument on the ground that whatever position the Navy Board has taken with regard to its jurisdiction in such cases, the Army Board " * * * has consistently assumed jurisdiction of cases of this nature." No Army Board rulings are cited in support of this statement.

In our view, unless and until the Army Board rules that it does not have jurisdiction to entertain Krieger's application, or the similar applications of others, we should, as we did in *Craycroft* with respect to the Navy Board, treat the Army Board as a potentially available source of administrative relief.

Krieger argues that he should not be required to await the decision of the Army Board before pursuing a habeas remedy, because he has, up to now, proceeded more responsibly than did the applicant in *Craycroft.* In particular, Craycroft resisted the Navy by disobeying orders, and was twice court-martialed. On the other hand, Krieger has been willing, pending disposition of his conscientious objector claim, to fulfill duties having minimum practicable conflict with his religious beliefs.

We fail to perceive why this factual difference should excuse Krieger from exhausting any remedy he may have before the Army Board.[2]

Krieger further argues that recourse to the Army Board, if available, will not afford him a "trial type hearing." But this was also true in *Craycroft* with regard to the Navy Board. The principle of exhaustion of administrative remedies is not confined to administrative procedures which contemplate trial-type hearings. An agency remedy which is wholly appellate in character, confined to review on a record developed at a different agency proceeding, may, and often does, result in overturning the prior agency determination.

We therefore conclude that the district court did not err in holding that, under the circumstances as they existed when this matter came before the district court, an application to the Army Board was an administrative remedy available to Krieger.

This brings us to the district court's further determination, in the exercise of its discretion, that under the circumstances of this case, Krieger should exhaust that remedy before the district court entertains his habeas application on the merits.

Having in view the similarity between the facts of this case, as they existed when the matter was before the district court, and the facts in *Craycroft,* where a similar exercise of discretion was up-

2. This difference may, however, place Krieger in a stronger position on the merits before the Army Board than Craycroft could assume before the Navy Board. On the other hand, this factual difference may possibly prejudice Krieger on the question of the Army Board's jurisdiction. One who has been court-martialed may possibly be in a stronger position to seek correction of records than one who has not.

held, we think the district court did not abuse its discretion in this regard.

However, we enter this caveat: The facts may possibly so change in the future that the district court would no longer be warranted in withholding consideration of the habeas application on the merits. If, for example, there were to be an unreasonable delay in the determination by the Army Board, and the result would be to subject Krieger to duties wholly inconsistent with his professed conscientious objector beliefs, district court action in the habeas proceeding might be indicated.[3]

As noted earlier in this opinion, the district court stated, as an alternative reason for dismissing the action, that the record as a whole does not present a claim upon which relief can be granted because the denial of the conscientious objector claim has a basis in fact and there was no defect in the proceedings leading to such denial. The parties deal with that issue on this appeal.

Neither the Government's motion to dismiss the habeas proceeding, which was the matter noted for argument before the district court, nor any of the briefs filed in support of or in opposition to that motion, discussed this ground of relief, which goes to the merits. The only ground stated in the motion and the Government's supporting brief, was that Krieger failed to exhaust his administrative remedies. This court has not been supplied with a reporter's transcript of the argument in the district court. In his opening brief on this appeal, however, Krieger states that there was no indication during the course of the argument that the court intended to consider the matter on the merits. The Government does not dispute this assertion.

Assuming, however, that the merits of the habeas application were properly before the district court at the time of the oral argument in that court, we think it inappropriate for us to consider the merits of the application at this time. The district court, as we here hold, properly determined that Krieger should first exhaust his administrative remedies. This necessarily requires abstention as to the merits until the remedy has been exhausted.

In this case, as in *Craycroft*, the district court gave effect to its policy of abstaining pending exhaustion of administrative remedies, by dismissing the habeas application without prejudice. We think the better course in this case would have been to hold the habeas proceeding in abeyance pending the exhaustion of administrative remedies. By so doing, the district court would have retained jurisdiction to deal with any renewed application for a stay which might be deemed warranted by future developments. The court would then also be in a position to consider promptly the habeas application on the merits, on pleadings and briefs already on file, as appropriately supplemented, in the event Krieger is disappointed in his quest for relief before the Army Board.

There is much discussion in the briefs concerning the refusal of the trial court to grant a stay other than the brief stay granted pending the filing of a motion in this court. However, it now appears that all outstanding orders which would have caused Krieger's redeployment have been revoked.

Krieger urges that the Department of the Army may at any time renew the former orders, or enter new ones equally inconsistent with his conscientious objection. But district court retention of jurisdiction, in lieu of dismissal of the habeas proceeding makes it unnecessary for this court to now consider whether the enforcement of such an order in the future should be restrained. If and when the problem arises, it can be dealt with promptly, and upon consideration of the circumstances then exist-

3. In this connection we think it proper to observe that expedited action by the Army Board would greatly simplify this habeas procedural problem and would serve the best interests of the United States Army, the applicant for relief, and the federal judicial system.

ing, in a renewal of Krieger's stay motion in the district court in this habeas proceeding.

The stay heretofore granted by this court is vacated and the cause is remanded to the district court. The district court is requested to vacate the order dismissing the application for a writ of habeas corpus and, in lieu thereof, to enter an order providing that the habeas proceeding be held in abeyance pending exhaustion of Krieger's remedy before the Army Board, retaining jurisdiction to entertain and act upon any further motions which may be filed in the habeas proceeding consistent with this opinion.