415 F.2d 760
 Michael E. BRATCHER, Appellant,
v.
Robert S. McNAMARA, Secretary of Defense; General Lewis B. Hershey, Director of Selective Service; Stanley R. Resor, Secretary of the Army, Major General Donald R. Pierce, Commanding Officer of Fort Lewis; and Brigadier General Richard I. Crone, Commanding Officer of Madigan General Hospital, Appellees.
 No. 22865.
 United States Court of Appeals Ninth Circuit.
 August 12, 1969.
 
 1
 Richard L. Young (argued), Michael H. Rosen, Seattle, Wash., for appellant.
 
 
 2
 Charles L. Billinghurst (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Tacoma, Wash., for appellees.
 
 
 3
 Before BARNES and MERRILL, Circuit Judges, and McNICHOLS, District Judge.
 
 McNICHOLS, District Judge:
 
 4
 In this appeal a member of the armed services seeks the aid of the courts to secure a discharge from the Army as a conscientious objector. The district court dismissed the complaint below on the grounds: (a) that no cause of action was stated on which relief could be granted, and (b) that the court lacked jurisdiction. The complaint, containing eleven alleged causes of action, was essentially an application for a Writ of Habeas Corpus to compel the discharge of appellant from the Service. Jurisdiction below was claimed under 28 U.S.C. § 2241(c) (3) (Habeas Corpus); 28 U.S.C. § 1361 (Mandamus); 28 U.S.C. § 2201 (Declaratory Judgment); and Rule 65, Federal Rules of Civil Procedure (Injunctive Relief). We have jurisdiction by way of 28 U.S.C. § 1291.
 
 
 5
 So much of the factual background as is pertinent to our determination of the matter is not in dispute.
 
 
 6
 Appellant enlisted in the Army as a medical corpsman on January 23, 1966 and was assigned duty at Madigan General Hospital at Ft. Lewis, Washington. At the time of enlistment he made no mention of any conscientious objector beliefs. In April of 1967, however, appellant appeared out of uniform, before his commanding officer and stated that he could no longer function in the military, and that he "quit". He was disciplined for this alleged breach of military conduct.
 
 
 7
 On June 10, 1967, appellant took unauthorized leave from his duty station and remained absent without leave until June 22, 1967 when he was apprehended by military authorities at Seattle, Washington. The following day he handed to his company clerk a written statement of his beliefs as a conscientious objector to any form of military service.
 
 
 8
 On June 29, 1967 appellant was specifically ordered, first by a sergeant and later by his commanding officer, to cut weeds in an area around the hospital parking lot. He refused to obey those orders. A court-martial was duly ordered and appellant charged with the offenses of absence without leave and failure to obey a lawful order. A verdict of guilty at each instance was found and appellant sentenced to a term of imprisonment.[1]
 
 
 9
 On July 7, 1967, appellant signed and presented to the proper military authority a formal application for separation from the Service as a conscientious objector. In due course the Secretary of Defense determined, on September 27, 1967, that appellant was indeed a conscientious objector, but refused to discharge him from the Army. Instead, appellant was classified as I-A-O and retained in the Army, subject to noncombatant duties.
 
 
 10
 October 24, 1967, appellant, through his attorneys, filed the present action in the district court seeking, as indicated above, relief by way of Habeas Corpus, Mandamus, Declaratory Judgment and Injunction.
 
 
 11
 Respondent moved for a dismissal of the complaint based on the contentions: (a) that the court had no jurisdiction to review the classification determination, and (b) that Habeas Corpus would not lie as appellant was being held subject to court-martial proceedings. The court generally agreed with this position and dismissed the complaint.
 
 
 12
 The issue of exhaustion of administrative remedies was largely ignored below and was not averred to in the appellate briefs herein. Appellant's complaint contained a paragraph entitled "EXHAUSTION OF REMEDIES" in which it was stated in part:
 
 
 13
 "There are no procedures available within the Army by means of which plaintiff can obtain review and reversal of defendants' wrongful denial of plaintiff's request for discharge as a conscientious procedure (sic) * * *"
 
 
 14
 This contention seems to have been tacitly accepted as an accurate statement of the controlling law.
 
 
 15
 Recent decisions of this court are directly contra and are, we think, controlling. Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969); Krieger v. Terry, 413 F.2d 73, 9 Cir., decided June 25, 1969.[2]
 
 
 16
 It is clear from the holdings of Craycroft and Krieger that a military enlistee such as appellant, who has sought a discharge as a conscientious objector through military channels, must exhaust his administrative remedies before attempting to proceed in the United States District Court. It is similarly established that application to the re-respective Army or Navy Board of Corrections of Military Records is a part of the administrative remedy available to such an enlisted man.
 
 
 17
 Appellant has not applied for relief to the Army Board and has consequently not exhausted the administrative remedies available to him under the holdings of this court. No unusual or compelling reasons have been presented in this case to indicate that the rule of exhaustion of remedies should not be applied. Appellant has failed to exhaust all applicable administrative remedies and the complaint must necessarily fail. While the district court did not dismiss on this specific ground, nevertheless the dismissal was proper. We may affirm even though we assign a rationale different from that relied on by the court below. Spokane County v. Air Base Housing, Inc., 304 F.2d 494 (9th Cir. 1962); Yanish v. Barber, 232 F.2d 939 (9th Cir. 1956).
 
 The order appealed from is affirmed.[3]
 
 
 Notes:
 
 
 [1]
 At oral argument we were advised that Bratcher had served his sentence and was now on active military duty at Ft. Riley, Kansas as a member of a band unit and was awaiting the outcome of this appeal
 
 
 [2]
 It is appropriate to note that bothCraycroft and Krieger came down after the briefs had been filed on this appeal. The issue of exhaustion of remedies was first seriously raised at oral argument before this court.
 
 
 [3]
 We are not unmindful of the procedure utilized by this court inKrieger where the cause was remanded to the trial court to hold the matter in abeyance pending the outcome of further administrative proceedings. The need for such precautionary action is not deemed to exist in the present posture of this case.