Michael E. BRATCHER, Appellant,

v.

Robert S. McNAMARA, Secretary of Defense, et al., Appellees.

No. 22865.

United States Court of Appeals, Ninth Circuit.

Sept. 8, 1971.

Richard L. Young (argued), Michael H. Rosen, Seattle, Wash., for appellant.

Charles W. Billinghurst, Asst. U. S. Atty. (argued), Eugene Cushing, U. S. Atty., Tacoma, Wash., for appellees.

Before BARNES and MERRILL, Circuit Judges, and McNICHOLS, District Judge.

McNICHOLS, District Judge:

This case has been remanded by the Supreme Court for our further consideration in light of a change of position by the government on the issue of exhaustion of administrative remedies in relation to servicemen seeking court relief from military duty on grounds of conscientious objection to such duty. Bratcher v. Laird, 397 U.S. 246, 90 S.Ct. 1108, 25 L.Ed.2d 281 (1970). Our original opinion is found at 415 F.2d 760.

Briefly re-stated, the record discloses that appellant Bratcher enlisted in the United States Army on January 23, 1966 without prior indication of any conscientious scruples against war. However, after something in excess of a year of service as a medical corpsman, he began to resist military authority and from June 10, 1967 to June 16 of that year was absent from his duty station without leave. Following his apprehension by military police on June 16, 1967, he, for the first time, filed a written statement of his beliefs as a conscientious objector. At about the same time he defied certain direct orders to perform non-combatant type duties (i e., to cut weeds growing behind the hospital buildings). Specifications of court martial charges alleging absence without leave and disobedience of orders were drawn up and, on July 21, 1967, a court martial was authorized by Bratcher's commanding officer.

While the court martial was pending, but before trial, appellant's formal application for separation from the service as a conscientious objector was filed and processed through appropriate military channels. On September 27, 1967, the Secretary of Army determined that Bratcher qualified for classification as a conscientious objector. The Secretary did not however grant his request for I-O status which would have provided for discharge, but placed him in I-A-O classification which had the effect of retaining appellant in the Army subject only to non-combatant type duties. This determination was, it developed, totally unsatisfactory to Bratcher.

The action below was commenced in the District Court on October 24, 1967, again while the court martial trial was pending. The complaint, founded on theories of Habeas Corpus, Mandamus, Declaratory Judgment and Injunctive relief, sought appellant's discharge from the Army. A hearing was had on Oc-

tober 27, 1967, at which time the Army administrative record was before the trial judge. Relief was orally denied on that day and subsequently formal findings of fact, conclusions of law and a judgment against the appellant were entered. The court held: (a) that habeas corpus was inappropriate in view of the pending court martial and (b) that assuming jurisdiction to review the Secretary's classification, the same was in accord with controlling principles.

As reflected in our original opinion, supra, the issue of exhaustion of administrative remedies was glossed over by the parties and the District Court. We raised the question at the time of oral argument and determined that the holdings of the *Craycroft* case (Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969) and the *Krieger* case (Krieger v. Terry, 413 F.2d 73 (9th Cir. 1969) were controlling. We held, on these authorities, that Bratcher was required to appeal the decision of the Secretary, relative to his conscientious objector status, to the Army Board of Military Records in order to exhaust the administrative procedure available to him, as a pre-requisite to seeking court intervention. No such appeal having been taken, we affirmed the order of the District Court, albeit on different grounds.

Bratcher effected certiorari to the United States Supreme Court. Before that tribunal the Solicitor General advised the court that the Department of Justice, with the concurrence of the Department of Defense, had concluded that "proper application of the exhaustion of remedies principle does not mandate application to the boards of correction of records for the various military services prior to obtaining federal court review of petitions for habeas corpus". On this representation, the Supreme Court remanded the case to this court to consider whether we wished to adhere to our decision. Bratcher v. Laird, supra.

We have determined that we must retreat from the position taken in our prior opinion.[1]

■ Bratcher is no longer on active duty with the Army.[2] We therefore considered the question of mootness. The United States Attorney has represented to us that an ex-serviceman in appellant's position might, in the event of a national emergency or general mobilization, be subject to recall to active duty in the Army to perform non-combatant service.[3] Assuming this to be the case, a majority of the panel is of the opinion that the action is not moot. The majority view is that a potential for recall to active duty represents a sufficient "adverse collateral consequence" as to obviate mootness and require a consideration of the merits. Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Brown v. Resor, 407 F.2d 281 (5th Cir. 1969); Hewett v. State of North Carolina, 415 F.2d 1316 (4th Cir. 1969). Counsel for the parties urge that the case is not moot and we so hold.

We come somewhat belatedly to a consideration of this appeal on the grounds originally postulated. The formal citations of error are numerous, but we find there are actually only two basic issues presented. It is firstly contended that the court erred in dismissing the com-

1. *Craycroft* has similarly been remanded from the Supreme Court (397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351 (1970)) and, in an unreported order, has been in turn remanded to the District Court from which it sprang. *Krieger* relied completely on *Craycroft*. Since the judgment in *Craycroft* has been vacated, it no longer serves to control us. Since the Department of Justice disclaims any contention that further exhaustion is required, we find no need to discuss that proposition here.

2. We have been advised that appellant was found guilty by court martial on October 27, 1967, and sentenced to two years confinement; that such confinement was satisfactorily served and that he was thereafter discharged under honorable conditions.

3. Thus making this case different in its facts from those recited in Lambert v. Brown, 435 F.2d 148 (9th Cir. 1970), which distinguish the two cases.

plaint on the premise that, since the appellant was awaiting court martial, relief by way of habeas corpus would not have the effect of releasing the petitioner from military custody and that the granting of the writ was therefore improper. The second question for determination concerns the propriety of the military decision to deny Bratcher's request for outright discharge and alternatively to retain him in the service as a non-combatant. The trial court upheld that ruling by the Secretary of Army and appellant charges error. If the trial court was correct in either decision, the judgment dismissing the complaint must be affirmed.

 From the record it is clear that the district judge was of the view that relief by way of habeas corpus was unavailable to one in custody where the circumstances indicated that a favorable decision on the legal issue raised by the petition would not result in discharge of the petitioner from custody. The Supreme Court had so held. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). During the extended period in which this case has been under appeal, *McNally* has been overruled. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). It is now well established that legal issues traditionally determined by habeas corpus proceedings are not barred merely because a favorable holding for the petitioner would not actually result in his release from custody. Glazier v. Hackel, 440 F.2d 592 (9th Cir. 1971). Habeas corpus is the accepted vehicle for testing the legality of rentention (custody) of servicemen in the military. Hammond v. Lenfest, 398 F.2d 705 (2nd Cir. 1968).

██ In view of the evolution in the law, we are constrained to hold that it was error for the trial court to dismiss the complaint on the ground that the pending court martial ousted the court of jurisdiction or militated against the granting of any relief.

As indicated above, our holding on this first issue is not dispositive of the case. The experienced trial judge, even though of the opinion that he was without jurisdiction, and in a wise abundance of caution, proceeded to examine into the merits of the case. Upon a review of the administrative record which was before him, he found that the pertinent regulations had been complied with and that a factual basis existed for the determination to deny Bratcher's application for I-O status. He recognized the limited scope of review afforded him and affirmed the Secretary. Appellant appears to concede that the regulations for processing his request for discharge were adequately complied with. Our examination of the administrative record leads us to a similar conclusion.

It is undisputed that Bratcher filed a request for separation from the Army as a conscientious objector in accordance with Army Regulation No. 635–20 (AR 635–20), as promulgated May 1, 1967. This regulation establishes the policy and procedures for disposition of military personnel claiming conscientious objection to war. The policy set out provides for consideration of requests for separation from individuals whose beliefs have developed subsequent to entry into active duty. The form to be used for an application setting out the information required was provided for. AR 635–20 speaks only of discharge and makes no mention of retention in the service on a non-combatant basis.

In his determination the Secretary disapproved discharge, and recommended that, in accordance with Department of Defense Directive No. 1300.6, dated August 12, 1962 (DOD 1300.6), then in force, Bratcher be placed in a class I-A-O rather than I-O as requested. Appellant argues that, since the application was made under the provisions of AR 635–20, the Secretary was limited to an approval or denial of discharge. No authority for this position is advanced, and, as we shall attempt to demonstrate, the position is not well taken.

DOD 1300.6 has as its stated purpose the establishment of "uniform procedures for the utilization of conscientious objectors in the Armed Forces and con-

sideration of requests for discharge on the grounds of conscientious objection". The Directive applies to all personnel in all branches of the military. Further excerpts from DOD 1300.6 will be helpful in understanding the order of the Secretary:

## "POLICY

"A. No vested right exists for any individual to be discharged from military service at his own request before the expiration of his term of service, whether he is serving voluntarily or involuntarily. Administrative discharge prior to the completion of his term of service is discretionary with the service concerned, based on judgment of the facts and circumstances in the case.

"B. The fact of conscientious objection does not exempt men from the draft; however, the Congress has deemed it more essential to respect a man's religious beliefs than to force him to serve in the Armed Forces, and accordingly has recognized bona fide religious objection to participation in war, in any form, to the extent that such an objector (I-O classification) is not inducted into the Armed Forces but is required to serve his country for the same period of time in civilian work contributing to the maintenance of national health, safety, or interest under a prescribed Alternate Service Plan (Conscientious Objectors' Work Program). Consistent with this national policy, bona fide conscientious objection by persons who are members of the Armed Forces will be recognized to the extent practicable and equitable.

" * * *

"G. In order to insure the maximum practicable uniformity among the services and between members of the same service, advisory opinion by the Selective Service that a classification of I-O is appropriate will normally be a requisite for discharge or release of members with less than two years

active service based on conscientious objection."

## "PROCEDURE

" * * *

"D. 1. Individuals for whom I-O classification is recommended by Selective Service will be considered for discharge by reason of their conscientious objection to military service.

"2. Individuals for whom I-A-O classification is recommended normally will not be considered for discharge for conscientious objection reasons, but will be reassigned to non-combatant duties as outlined in Section V. A. of this Directive. Individuals so reassigned will be required to sign and date the statement appended hereto as Inclosure 3.

" * * * "

The record shows that an advisory recommendation was sought from Selective Service and that the recommendation was that Bratcher should be classified as I-A-O. The tenor of the order of the Secretary makes it plain that he was strongly influenced in his decision by the recommendation. The quoted portion of DOD 1300.6, supra, clearly indicates that the Selective Service recommendation is to be afforded great weight in the ordinary case. The administrative record before us fails to offer any unusual factors which lift appellant out of the category of normal or usual in his application for conscientious objector status.

Bratcher voluntarily enlisted in the Army and had served less than two years before he enunciated his anti-war beliefs. Prior to making any formal request for discharge, he had appeared, out of uniform, before his commanding officer and announced his intention to quit the service. For this he was duly punished. He subsequently absented himself from his duty station without leave, and upon recapture, refused to do any work, even that of a non-combatant nature. It was at this point that he first made formal application for relief based on his newly crystallized conscientious scruples

against war of any kind. His petition was in proper form and was processed according to the regulations in effect. As was required, an advisory opinion was sought from the Director of the Selective Service, which opinion, as indicated above, recommended a classification as I-A-O. The chaplain assigned to interview the appellant as required by the regulations, was of the impression that his views were sincerely held and that his beliefs were founded in "a synthesis of tenets of various religious and philosophical beliefs". The immediate commanding officer, having had considerable personal contact with Bratcher through his various actions preliminary to the application for discharge, recommended disapproval. A medical doctor-psychiatrist found appellant to be physically well and mentally oriented. His report notes that: "He was first seen in psychiatric examination in April, 1967 and then again several times in May, 1967. During this time he was a problem to command because of his active attempts to call attention to himself and get himself discharged from the Army". (It should be noted that the application for discharge herein involved was filed July 21, 1967). Appellant augmented this record with letters and statements by civilian acquaintances which tended to support the sincerity of his anti-war beliefs.

On this state of the record, and being obliged to consider the applicable directives, the Secretary denied discharge, categorized the petitioner as I-A-O and directed that he be assigned non-combatant duties. The trial court, while doubting jurisdiction, found that the decision of the Secretary conformed to regulations and had a sufficient supporting basis in fact. We agree.

■ Court review of military determinations is narrowly restricted in scope.

Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969) ; Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969). We are limited to a consideration as to whether there is a basis in fact in the record for the decision made. Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969). Respecting the narrow limits of our review authority, we have tested the record to determine if a factual basis can be found to support the order of the Secretary here under attack.

■ The Secretary was entitled to consider the record as a whole in making his determination. He could reasonably take into consideration the fact that Bratcher had volunteered for duty. His reasonable inference was that appellant became disenchanted with military life and initially used the gambit of misconduct to secure release. The psychiatric record reflects that he had, prior to his application for conscientious objector discharge, followed a course of disruptive conduct calculated to bring about separation. The fact that the commanding officer, conversant with the foibles of the applicant, recommended against discharge was entitled to weight. That the Selective Service recommended a status calculated to retain Bratcher in the Service was persuasive. We conclude that, at a minimum, a factual basis existed for the determination to place appellant in a I-A-O status with retention in service on non-combatant duty. Indeed we are of the view that he received a favorable consideration as he might well have been denied either of the conscientious objector classifications and retained in general active duty.

Other alleged errors have been advanced and argued, but we find that all merge into the basic issues which have been decided adversely to the appellant.

Affirmed.