558 F.2d 1363
 Albert Lynn NAYLOR, Plaintiff-Appellee,
v.
The SUPERIOR COURT OF the STATE OF ARIZONA, IN AND FOR the
COUNTY OF MARICOPA, Honorable Yale McFate, Judge thereof,
and the State of Arizona ex rel. Joe R. Purcell, Phoenix
City Attorney, Defendants-Appellants.
 No. 76-1030.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 15, 1977.
 
 Donald P. Williams, Asst. City Atty., Phoenix, Ariz., argued for appellants.
 Richard D. Coffinger, of Wykoff, Charles & Coffinger, Glendale, Ariz., argued for appellee.
 Ariz. Civil Liberties Union, Kathleen A. Rihr, Atty., Phoenix, Ariz., for amicus curiae.
 Appeal from the United States District Court for the District of Arizona.
 Before BROWNING and ANDERSON, Circuit Judges, and CRARY,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 On December 5, 1974, appellee was arrested and charged by complaint with a violation of Arizona Revised Statutes, § 13-712(9), commonly referred to as trespass by loitering.[1] Based upon a stipulated set of facts,[2] appellee was found guilty in the Magistrate's Court for the City of Phoenix. That judgment was appealed to the Superior Court of Maricopa County for a trial de novo. The Superior Court, Honorable Yale McFate presiding, dismissed the complaint, holding that § 13-712(9) was unconstitutionally vague and overbroad. The State of Arizona appealed the dismissal and, in State, ex rel. Purcell v. Superior Court, 111 Ariz. 582, 535 P.2d 1299 (1975), the Supreme Court of Arizona reversed the Superior Court, holding that § 13-712(9) was constitutional.
 
 
 2
 Appellee then filed his first complaint in federal district court seeking to restrain the Superior Court from proceeding with the trial, and, further, asking for a declaratory judgment that § 13-712(9) is unconstitutional. Following arguments, the district court declined to grant the relief requested by appellee, but did not dismiss the complaint, indicating that if appellee was found guilty the court would entertain a motion to amend the complaint to add a request for habeas corpus relief.
 
 
 3
 Appellee then proceeded to trial in the Superior Court, and on July 24, 1975, appellee was found guilty of violating § 13-712(9). Imposition of sentence was suspended and appellee was placed on 90 days unsupervised summary probation, the only condition being that appellee comport himself in a law-abiding manner during that period. No stay of execution of sentence was requested or received from the Superior Court. On August 4, 1975, appellee returned to district court, filing a supplemental complaint seeking habeas corpus relief. On or about October 24, 1975, appellee's 90-day probation period was completed. On November 10, 1975, the district court issued its written opinion finding that § 13-712(9) was unconstitutionally vague and overbroad. However, that was the only relief granted, the district court having found that since appellee's "period of probation under the misdemeanor conviction has expired and no further disability arising therefrom is alleged, no further relief is presently indicated." (C.R. 152).
 
 
 4
 Following oral argument before this panel we entered an order requesting the parties to file additional memoranda directed to the issue of mootness. We believe that the doctrine of mootness does apply to this case and we therefore vacate and remand, with directions to dismiss the petition.
 
 
 5
 The district court, prior to issuing its opinion that § 13-712(9) was unconstitutional, considered the question of whether the court's habeas jurisdiction was properly invoked. The court, relying on Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), held that "jurisdiction vested in this Court when the motion was filed and the subsequent release of the petitioner did not divest this Court of its jurisdiction, . . ." (C.R. 146). We believe that the district court misapplied the doctrine of Carafas, supra, to the present case.
 
 
 6
 In Carafas, supra, the petitioner was convicted of a felony and was sentenced to three to five years in prison. His sentence expired before his habeas petition was finally adjudicated and while it was awaiting appellate review. Although the court did hold that the case was not moot solely because of petitioner's unconditional release, it is clear that in so doing the court focused on the various "collateral consequences" of his conviction that still remained. The court stated:
 
 
 7
 "In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. . . . On account of these 'collateral consequences' the case is not moot." 391 U.S. at 237-238, 88 S.Ct. at 1559.
 
 
 8
 In the present case appellee did not allege nor did counsel at oral argument point to any similar or other collateral consequences independent of his probation period that flow from his misdemeanor conviction. No collateral consequences are asserted in the post-argument submissions of the parties.
 
 
 9
 This circuit and others who have been faced with the question have focused on the existence and nature of such "collateral consequences" in determining whether a case is moot. In Bjerkan v. United States, 529 F.2d 125 (7th Cir. 1975), the petitioner was convicted of refusing to report for induction into the Armed Forces. He was granted a Presidential pardon after the district court issued its opinion on his petition and while his petition was awaiting appellate review. The issue presented was whether this pardon mooted the appeal. The court stated:
 
 
 10
 Obviously, a pardon cannot erase the basic fact of conviction, nor can it wipe away the social stigma that a conviction inflicts. These, however, were not the 'collateral consequences' which concerned the Court in Carafas. The 'collateral consequences' noted in Carafas were of a substantial nature, consisting of deprivation of a person's basic rights, the right to work in certain professions, the right to vote and the right to serve on a jury." 529 F.2d at 126-127.
 
 
 11
 The court concluded that since the pardon was full, free and unconditional, it restored petitioner's basic civil rights and did away with "collateral consequences" of his conviction and thereby mooted the appeal. See also, Wade v. Carsley, 433 F.2d 68 (5th Cir. 1970). (Court found no collateral consequences flowing from misdemeanor conviction mooting the appeal.)
 
 
 12
 This circuit has also followed this approach. In Lambert v. Brown, 435 F.2d 148 (9th Cir. 1970), the petitioner sought a discharge from the Air Force as a conscientious objector. He was given a General Discharge after he had filed his appeal. This court observed:
 
 
 13
 "Since we know of no adverse collateral consequences of this discharge, cf. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), it is hereby ordered that this appeal be dismissed as moot."
 
 
 14
 In Bratcher v. McNamara, 448 F.2d 222 (9th Cir. 1971), another conscientious objector case, this court noted:
 
 
 15
 "The majority view is that a potential for recall to active duty represents a sufficient 'adverse collateral consequence' as to obviate mootness and require a consideration of the merits." (citations omitted) 448 F.2d at 224.
 
 
 16
 It is clear from the above line of cases that, in situations such as the case at bar, the principal focus in determining whether a case is moot is upon the existence or non-existence of any "collateral consequences" that remain from the conviction. In this case appellee did not allege nor can we perceive of any adverse "collateral consequences" that remain from his misdemeanor conviction.
 
 
 17
 The district court did not and could not grant any specific relief to appellee. The decision of the district court did not decide an Article III "case or controversy". Preiser v. Newkirk, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). It rendered merely an advisory opinion. We would compound the error if we reached the merits in this case. Pending this appeal, the Arizona Legislature (Second Regular Session, 1976, effective September 23, 1976) amended A.R.S. § 13-712 by repealing the subsection under which appellee was convicted. There is no capability of repetition which would evade review under the statute questioned in this case.
 
 
 18
 Mootness is not merely a "ducking device" as suggested by both counsel at oral argument and inferentially in their post-argument submissions. It goes directly to the jurisdiction and power of the federal courts to act. Preiser v. Newkirk, supra. The district court should have dismissed the case as moot.
 
 
 19
 Accordingly, we dismiss this appeal, vacate the decision and order of the district court, and remand, with directions to dismiss the petition as moot.[3]
 
 
 
 *
 The Honorable E. Avery Crary, Senior United States District Judge, Central District of California, sitting by designation
 
 
 [1]
 § 13-712(9), Arizona Revised Statutes, states:
 " § 13-712. Trespass upon property; methods; punishment
 A person is guilty of a misdemeanor, punishable by a fine of not more than three hundred dollars, by imprisonment in the county jail for not more than six months, or both, who wilfully commits any trespass by either:
 
 
 [9]
 Loitering or prowling upon the private property of another, without the consent of or lawful business with the owner or occupant thereof
 
 
 [2]
 The stipulated facts disclose that on December 5, 1974, appellee entered upon the private property of one Mr. Paul Roberts, at 1808 West Avalon, City of Phoenix, Maricopa County, Arizona, without Mr. Roberts' knowledge or consent and without intention to conduct any lawful business with Mr. Roberts
 
 
 [3]
 For a recent thorough discussion of mootness principles see the opinion of Judge Trask, In the Matter of Combined Metals Reduction Company; Bennett v. Gemmill, 557 F.2d 179 (9th Cir. 1977)