IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31011

Summary Calendar
_____

ROBERT KALTENBACH,

Plaintiff-Appellant,

JOHN WHITLEY, WARDEN

versus

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-2216)

_____

March 7, 1996

Before HIGGINBOTHAM, DUHÉ, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert Kaltenbach petitioned for habeas corpus relief, see 28 U.S.C. s 2254, from his Louisiana state court convictions. At the time of his petition, he was serving the sentence corresponding to his conviction and thus met the "in custody" requirement for federal habeas. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Nevertheless, since that time, and before the district court ruled, Louisiana released Kaltenbach from incarceration and terminated his parole term. Louisiana has also restored all of Kaltenbach's

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

rights of citizenship and franchise under its first offender statute, La. Rev. Stat. 15:572.B-.D.  Kaltenbach points to no collateral consequences of the type discussed in <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1986), currently attaching as a result of his conviction.  Accordingly, we agree with the district court that Kaltenbach's petition is moot; social stigma and the fact of the previous conviction alone are insufficient to maintain a live controversy for Article III purposes.  <u>Naylor v. Superior Court</u>, 558 F.2d 1363 (9th Cir. 1977), <u>cert. denied</u>, 435 U.S. 946 (1978); <u>Bjerkan v. United States</u>, 529 F.2d 125, 126-27 (7th Cir. 1975). Nor could Kaltenbach save his petition from mootness by, as he suggests, adding a claim for damages; damages are not available in an action under section 2254.

Although the district court's opinion makes clear that Kaltenbach's petition was dismissed for mootness, it also recites other possible grounds for the decision, its judgment states that the petition was "DISMISSED WITH PREJUDICE and all relief DENIED." Out of an abundance of caution, we modify the order to dismiss Kaltenbach's petition as moot.

Affirmed as modified.