# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **JASON J. GAINER,** | : Def. ID# 1805014537 |
| | : |
| Defendant Below, | : |
| Appellant | : |
| | : |
| v. | : |
| | : |
| **STATE OF DELAWARE,** | : |
| | : |
| Plaintiff Below, | : |
| Appellee. | : |

Submitted: September 10, 2019
Decided: October 23, 2019

***Upon Appellant's Request to Reissue Order***

**DENIED**

## <u>O R D E R</u>

Benjamin Warshaw, Esquire and Jerome M. Capone, Esquire, Office of Defense Services, 14 The Circle, Second Floor, Georgetown, DE 19947, Attorneys for Appellant.

Kristin M. Potter, Esquire, Department of Justice, 114 East Market Street, Georgetown, DE 19947, Attorney for Appellee.

**KARSNITZ, J.**

## I. BACKGROUND

On October 10, 2018, Appellant was found guilty in the Court of Common Pleas ("CCP") of two misdemeanors: resisting arrest and criminal contempt of a Protection from Abuse ("PFA") Order. For resisting arrest, he was sentenced to one (1) year of incarceration at Level 5, with credit for thirty-seven (37) days served, and the balance was suspended for nine (9) months on Level 3 probation. For criminal contempt of the PFA, he was sentenced to one (1) year of incarceration at Level 5, and the balance was suspended for nine (9) months on Level 3 probation. The probations were to run concurrently.

On November 7, 2018, Appellant filed a Notice of Appeal with this Court. On April 30, 2019, Appellant's counsel filed Appellant's Brief under Superior Court Rule 61(e)(7) and on June 18, 2019, the State filed its Answering Brief. On July 9, 2019, I entered an Order affirming the judgment of CCP.

After finishing his incarceration, Appellant was placed on Level 3 probation, which he completed on July 16, 2019 – one week after my Order was entered.

On August 15, 2019, Appellant's counsel informed me that he had failed to notify Appellant of his right to appeal my Order to the Delaware Supreme Court. He requested that I reissue my Order, so that the later date of the Order would allow Appellant to timely file an appeal with the Supreme Court.[1] A notice of appeal must

---

[1] Supr. Ct. R. 6(a)(iii) requires that a notice of appeal be filed in the office of the Clerk of the

1

be timely filed to invoke the Supreme Court's appellate jurisdiction.[2] The State opposes this request and asserts that I lack jurisdiction because Appellant had completed his full sentence, including probation.

On August 21, 2019, I held a conference in chambers and requested that the parties submit support for their respective positions; letters from counsel were submitted on September 10, 2019.

## II.     DISCUSSION

Two cases decided by the Delaware Supreme Court on the same day at first blush appear to permit reissuance of my Order, which would effectively resentence Appellant. In *Anderson v. State*[3] and *Chavis v. State*[4] the Supreme Court remanded the cases to the Superior Court with instructions that, upon remand, the Superior Court resentence appellants to permit their counsel the opportunity to file timely appeals. In *Anderson*, appellant, as a self-represented litigant, filed an untimely appeal and there was, at a minimum, a miscommunication between appellant and trial counsel regarding the filing of the appeal. In *Chavis*, there was an error by trial counsel calculating of the thirty-day period which resulted in the untimely filing.

Delaware Supreme Court within thirty (30) days after a sentence is imposed in a direct appeal of a criminal conviction.

[2] *Carr v. State*, 554 A.2d 778, at 779 (Del. 1989). ("[t]ime is a jurisdictional requirement … when an appeal is not filed within the statutory time period the [c]ourt is without jurisdiction to hear the appeal.")

[3] 2019 WL 37144797, at *1 (Del. Aug. 6, 2019).

[4] 2019 WL 3564041, at *1 (Del Aug. 6, 2019).

After the Supreme Court issued a notice to appellants' counsel to show cause why the appeals should not be dismissed as untimely filed, the Court requested responses from counsel regarding compliance with their continuing obligations to, and representation of, appellants in direct appeals of their criminal convictions.[5] The Court also requested responses from the State. In both cases, the State asked that the cases be remanded to the Superior Court with directions to vacate and reimpose the sentences, in order to allow appellants, with counsels' assistance, to file timely notices of appeal. The Court agreed and remanded both cases for resentencing.[6]

In these cases, the State did not object to – indeed, it requested – the remand and resentencing. However, in cases where the State has properly objected on jurisdictional grounds, there is a different result. For example, in *DeJohn v. State*, 2019 WL 3945644, at *1 (Del. Aug, 20, 2019), appellant filed a notice of appeal from the Superior Court's order denying his motion for modification of sentence. While the appeal was pending, appellant completed his sentence, including the period of probation, and was no longer subject to supervision. The Supreme Court ordered appellant to show cause why his appeal should not be dismissed as moot,

---

[5] Supr. Ct. R. 26(a) sets forth the continuing obligations of, and duty of representation by, counsel in criminal appeals, including without limitation advising the client of any right to appeal (Supr. Ct. R. 26(a)(i); docketing an appeal (Supr. Ct. R. 26(a)(ii); and, preparing all documents relating to the appeal (Supr. Ct. R. 26(a)(iii)).

[6] This is not a novel approach; see *Amaro v. State*, 2013 WL 1087644, at *1 (Del. Mar. 13, 2013).

3

and after considering appellant's response concluded that his completion of his sentence had rendered his appeal moot.[7] The Court stated:

> "Satisfaction of a sentence generally renders a case moot unless a defendant demonstrates sufficient **collateral legal disabilities or burdens** flowing from the conviction to justify appellate review."[8] [Emphasis supplied.]

The Supreme Court found no sufficient collateral disabilities or burdens on the record in *DeJohn*, and dismissed the appeal as moot.[9]

I have reviewed the record in this case and I do not find adequate and concrete, as opposed to hypothetical or speculative, collateral disabilities or burdens that Appellant would suffer as a result of an inability to appeal the misdemeanor convictions. In my view, these two misdemeanor convictions do not give Appellant a "sufficient stake in the conviction or sentence to survive the satisfaction of the sentence and to permit him to obtain a review or institute a challenge."[10] The State points out Appellant's record of felony convictions, litigation in CCP and Family Court, arrests, and noncompliance with court orders.[11] Moreover, collateral consequences generally do not arise from misdemeanor convictions.[12]

---

[7] Citing *Collins v. State*, 2016 WL 97465, at *1 (Del. Jan. 6, 2016).

[8] *E.g., Ross v. State*, 2015 WL 410270 (Del. Jan. 28, 2015); *Hall v. State*, 2013 WL 1932727 (Del. May 8, 2013).

[9] In its letter, the State discusses the origins of the "collateral consequences" rule in *Gural v. State*, 251 A.2d 344 (Del. 1969), I need not address that history here.

[10] *Gural*, 251 A.2d at 345.

[11] *Gural*, 251 A.2d at 345, held that appellant's position would have had more merit if his conviction "blemished an otherwise clean record." Such is not the case here.

[12] *Harvey v. State*, 1996 WL 585912 (Del. Oct. 7, 1996), citing *Naylor v. Superior Court*, 558 F.2d 1363, 1366 (9th Cir. 1977). *Cf. State v. Lewis*, 797 A.2d 1198 (Del. 2002), finding potential deportation to constitute a sufficient collateral consequence.

4

Finally, Appellant argues that judicial economy weighs in favor of allowing an appeal, because if the appeal is denied by the Supreme Court as untimely, Appellant will likely file a Petition for Postconviction Relief under Superior Court Criminal Rule 61. However, Appellant's completion of his sentence renders him unable to seek such postconviction relief, because Rule 61 by its terms is available only to those in custody or subject to future custody.[13] Once Appellant was discharged from probation, he is not subject to any further custody for the two misdemeanor charges, and thus lacks standing to seek Rule 61 relief.

## III. CONCLUSION

Thus, I deny Appellant's request to reissue my July 9, 2019 Order and to make the sentence effective as of a later date.

**IT IS SO ORDERED** this 23rd day of October, 2019.

Craig A. Karsnitz

cc: Prothonotary's Office
Counsel of Record

---

[13] Super. Ct. Crim. R. 61(a); *Ruiz v. State*, 2008 WL 1961187 (Del. May 7, 2008).

5