434 F.2d 1281
 Stephen M. ZEMKE, Plaintiff-Appellant,
v.
Lt. General Stanley R. LARSEN, C.O. Sixth Army, Stanley Resor, Secretary of the Army, Melvin Laird, Secretary of Defense, General Ellis Fuller as Commanding Officer, U. S. Army Personnel Center, Oakland Army Base, Defendants-Appellees.
 No. 25417.
 United States Court of Appeals, Ninth Circuit.
 December 1, 1970.
 
 Robert Michael Zweig (argued), of Hodge, Green & Zweig, San Francisco, Cal., for appellant.
 Steven Kazan (argued), Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellees.
 Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.
 MERRILL, Circuit Judge:
 
 
 1
 Appellant, seeking discharge from the United States Army as a conscientious objector, appeals from a district court order denying him habeas corpus relief.
 
 
 2
 Following the filing of his application for discharge, appellant received favorable recommendations from a chaplain who interviewed him and from the hearing officer assigned to his case. But his commanding officer, on the record, recommended disapproval on the ground that appellant's objection to military service appeared to be "based on a personal moral code rather than sincere religious beliefs." Appellant's file was forwarded to the Adjutant General for review by the Army Conscientious Objector Review Board. That Board recommended disapproval of the application by a two-to-one vote, giving as its reason: "Based on essentially philosophical views and a merely personal moral code rather than religious training and belief." On the basis of the Board's report, appellant's application for discharge was disapproved by the Adjutant General.
 
 
 3
 In making their recommendations, neither the commanding officer nor the Army Board had the benefit of the Supreme Court's ruling in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), which defined the standards for determining whether beliefs are religious within the meaning of the Universal Military Training and Service Act. 50 U.S.C. App. § 456(j) (1964), as amended by P.L. 90-40, § 1(7), 81 Stat. 104 (1967). Viewed in light of Welsh, the record in this case demonstrates that appellant's beliefs are religious within the meaning of the Act. Thus, the Army Board erred if it concluded that appellant's beliefs, even if sincerely held, did not entitle him to discharge as a conscientious objector.
 
 
 4
 Appellees contend that the record discloses that the Board had a second, independent reason for disapproval: that the appellant's beliefs were not sincerely held.
 
 
 5
 The record does not support this contention. Lack of sincerity was not specified by the Board as the basis for its action and the record rationally suggests that this was not an oversight but rather that the reason specified was in truth the only reason upon which the majority of the Board was in agreement.
 
 
 6
 The Board made its report by filling out a form, which contained a list of specified reasons for disapproval. One of the listed reasons was "Based on a personal moral code and evidences insincerity regarding strong religious training or belief." Significantly, the Board did not check this statement, which was the only specified ground for disapproval bearing on lack of sincerity. We note, moreover, that the Board gave every indication of a desire to spell out precisely the basis on which it chose to rest its recommendation. The reason in fact designated by the Board was not left in the language provided by the form. By interlineation some language was stricken and other language added.
 
 
 7
 Nevertheless, appellees contend that the notes of the Board members, which were attached to the Board report, demonstrate that a finding of insincerity was a basis for the Board's decision.
 
 
 8
 One member was unequivocal. He wrote: "Lacks sincerity. A true CO would have declared his feelings to someone much sooner than this man did. He waited until he was on orders for RVW Dag."[1]
 
 
 9
 The second Board member voting for disapproval also noted his doubt as to appellant's sincerity. But insincerity was apparently secondary in importance to this Board member's finding that appellant's beliefs were not religious within the meaning of the Act. Furthermore, the source of this member's doubt of sincerity was different from that specified by the first Board member. The second member wrote: "This application appears to be based almost entirely on philosophical views and the personal moral code rather than on his religious training and sincere religious beliefs. He thought of changing to noncombatant MOS. Not sure or sincere." What disturbed him respecting sureness and sincerity evidently was that appellant had, at one point in the course of the development of his beliefs, considered applying for noncombatant service. The application shows, however, that this was not vacillation but part of a consistent course of seeking means to reconcile growing conscientious objections with obligations to the Army. The record thus provides a rational explanation for the second Board member's apparent relegation of lack of sincerity to secondary, make-weight importance.
 
 
 10
 In light of the Army Board's failure to agree on a reason for doubting appellant's sincerity, and the marked weakness of the reasons given by one Board member for doubting sincerity, a rational explanation for the fact that the form filled out by the Board makes no mention of insincerity is that the Board was unable to agree upon lack of sincerity as a ground for disapproval.
 
 
 11
 On this record we cannot find that the Army Board had a second, independent basis for its recommendation of disapproval. At best the Board has asserted two reasons for disapproval without affording us assurance that the impermissible one was not controlling. Since we cannot determine whether or not the Army Board relied upon an illegal classification standard, we cannot determine whether appellant's in-service C-O application was properly denied. See United States v. Callison, 433 F.2d 1024 (9th Cir. 1970); United States v. Atherton, 430 F.2d 741 (9th Cir. 1970); United States v. Haughton, 413 F.2d 736 (9th Cir. 1969). See, also, United States v. French, 429 F.2d 391 (9th Cir. 1970).
 
 
 12
 Reversed and remanded to the district court to allow the Department of the Army a reasonable time for reconsideration of appellant's application by the Conscientious Objector Review Board and for further action thereon by the Adjutant General; failing which appellant is entitled to his release.
 
 
 
 Notes:
 
 
 [1]
 Appellant argues persuasively that late filingalone cannot, on this record at least, provide a basis in fact for a finding of lack of sincerity; that Speer v. Hedrick, 419 F.2d 804, 805 (9th Cir. 1969), does not require a contrary conclusion; that the lateness of his application was explained in the application itself and that no basis in fact appears for rejection of this explanation by the Army Board. We recognize that these contentions may raise substantial issues, see Hand v. Laird, 3 SSLR 3298 (N.D.Cal.1970); Shirer v. Hackel, 3 SSLR 3211 (N.D.Cal. 1970); Rabbito v. Larson, 3 SSLR 3211 (N.D.Cal.1970); Gresham v. Franklin, 315 F.Supp. 850 (N.D.Cal.1970); Goodwin v. Laird, 317 F.Supp. 863 (N.D.Cal. 1970), but we need not reach them in this case.