**Carl J. CHRISTENSEN, Appellee,**

v.

**Reginald A. FRANKLIN et al.,**
**Appellants.**

**No. 26878.**

United States Court of Appeals,
Ninth Circuit.

Feb. 18, 1972.

Richard F. Locke, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellants.

Gary J. Near (argued), San Francisco, Cal., for appellee.

Before DUNIWAY and KILKENNY, Circuit Judges, and THOMPSON,* District Judge

PER CURIAM:

The District Court ordered Appellee discharged from the United States Army on the ground that insufficient evidence had been presented to support the Army Review Board's denial of Appellee's ap-

---

* Honorable Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

plication for discharge as a conscientious objector.

Appellee submitted his application for discharge as a conscientious objector on January 9, 1970, approximately one and one-half months after he had received his Viet Nam orders and some seventeen days prior to his scheduled departure date. Although Appellee presented comprehensive evidentiary material to support his claim of religious objection to participation in the military, the Army Conscientious Objector Review Board concluded that Appellee's application should be denied on the ground that Appellee's conscientious scruples were not sincerely held. The Review Board gave three reasons as the foundation for its finding of insincerity, (1) the lateness in filing the application; (2) the recommendation of the Appellee's commanding officer that the application be denied; and (3) the recommendation of the O–3 hearing officer that the application be denied.

Upon examination of these reasons, the District Court concluded, and we agree, that the recommendations of the commanding officer and the O–3 hearing officer were based upon Appellee's delay in filing the application. As a consequence, the only evidence which supports the Review Board's finding of insincerity is Appellee's failure to file his application until shortly before his scheduled Viet Nam departure date. The sole issue on appeal is whether discharge from military duty as a conscientious objector may be denied for insincerity merely because of a delayed but legally timely filing of a conscientious objector application.

 There is no question that a delayed filing may be considered by the Review Board as *one* of the objective facts which casts doubt upon the sincerity of an applicant for conscientious objector status. Speer v. Hendricks, 419 F.2d 804 (9th Cir. 1969); Bishop v.

United States, 412 F.2d 1064 (9th Cir. 1969). But here, the lateness of the application is the *only* objective fact relied upon by the Review Board in finding that Appellee lacked sincerity.[1] This Circuit has recently considered a similar issue and concluded that a delayed but timely filing of a conscientious objector application with the Selective Service Board does not justify a finding of insincerity. United States v. Andersen, 447 F.2d 1063, 1066 (9th Cir. 1971). While the language in *Andersen* is not explicitly apposite to the disposition of the present issue, the standards for measuring claims of in-service objectors are the same as the statutory tests applicable in a pre-induction situation. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). Accordingly, we hold that a delayed but timely filing of a conscientious objector application does not, standing alone, provide a sufficient factual basis to support a finding of insincerity. Tressan v. Laird, 454 F.2d 761 (9th Cir. 1972).

Judgment affirmed.

---

1. See, e. g., Ross v. McLaughlin, 308 F. Supp. 1019, 1024 (E.D.Va.1970), which held that the mere filing of a request for discharge after receipt of Viet Nam orders is not a sufficient factual basis to support a finding of insincerely held beliefs.