**John Dean WALLACE, Jr.,**
**Appellant,**

v.

**James SCHLESINGER, as Secretary of**
**Defense, et al., Appellees.**

**No. 73-3316.**

United States Court of Appeals,
Ninth Circuit.

June 21, 1974.

David Nawi (argued), of Treuhaft, Walker & Nawi, Oakland, Cal., for appellant.

Howard A. Allen, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

Before DUNIWAY and TRASK, Circuit Judges, and SHARP,* District Judge.

OPINION

DUNIWAY, Circuit Judge:

This is an action in habeas corpus seeking the release of the appellant, John Dean Wallace, Jr., from the United States Navy on the basis that he has been improperly denied discharge as a conscientious objector under the applicable Navy regulations. Appeal to this court followed denial of relief by the district court.

---

* The Honorable Morell E. Sharp, United States District Judge for the Western District of Washington, sitting by designation.

Wallace is a dental officer in the Navy. He joined the Naval Reserve in 1963 while a college student and received his commission upon graduation. In April, 1972, several months before completing his internship, he received orders to report for duty on the USS KITTY HAWK in the Gulf of Tonkin in the summer of 1972. On April 24, 1972, he submitted a letter to Rear Admiral E. C. Raffetto, Chief Dental Division, requesting a non-combat assignment on the basis of his opposition to the Vietnam War. The Admiral denied the request on May 17, 1972, stating that Wallace's reasoning was untenable and that he should either serve as ordered or seek to resign his commission on the basis of conscientious objection. Wallace took no action at that time. He reported for active service on July 1, 1972, and served on the USS KITTY HAWK in the Gulf of Tonkin. In early 1973, shortly after his return, he applied to resign his commission on the basis of conscientious objection. While that application was still pending and before it was denied, he applied for a discharge on the same basis under the applicable Navy regulations.

The Navy followed its usual procedure in processing appellant's application for discharge. He was interviewed by a chaplain, who found him sincere and recommended discharge. The interviewing psychiatrist found "no psychiatric contraindication to this man making C. O. application." The hearing officer recommended denial of the application. The pertinent paragraph from the hearing officer reads as follows:

"It is the opinion of the investigating officer that LT. WALLACE'S convictions are of insufficient strength to qualify him as a conscientious objector. He is apparently able to compromise beliefs when convenient to attain another goal. A truly sincere conscientious objector would have refused a commission in 1971, applied for CO status immediately in April 1972, when assigned to a ship directly involved in the conflict present then, or would have applied for CO status instead of requesting acceptance of his resignation in April 1972. In depth study of the chronology of his military duty indicates at least three different times, at least a year apart, where he could have made known his strong convictions and objections to war in any form. The statement contributed by Mrs. WALLACE indicated that LT. WALLACE made a decision last year while in the Gulf of Tonkin to become a conscientious objector yet he waited until April 1973 to make an application. It would appear that a bona fide CO would find such delays unacceptable to his moral well being."

■ This was a recommendation, not a decision, and was no more binding on the deciding authority than other recommendations placed in Wallace's file as it wended its way to the deciding authority.

The final administrative action was by the Assistant Chief for Military Personnel Security and Performance (the Assistant Chief), acting for the Chief of Naval Personnel. The pertinent paragraph of the Assistant Chief's letter reads:

"Your application has been afforded careful and complete review. On the basis of this review it is apparent that prior to entry into the Navy you were opposed to 'our war effort' and to 'senseless killing.' While your concerns and reservations may now be stronger there is nothing to indicate that your present beliefs are in substance and foundation any different than those you held before you accepted your commission. While the Chief of Naval Personnel recognizes your sincere desire for discharge your application and the attendant correspondence is not considered supportive of your request for classification as a conscientious objector."

There is no finding that Wallace was insincere. The Assistant Chief's finding relates to the regulation, 32 C.F.R. § 730.18(b), which provides that a request

for discharge based solely on conscientious objection which existed but was not claimed prior to entry into the Navy and which would have sufficed to keep the person out of military service will not qualify as a basis for discharging an in-service conscientious objector.

■ There is no basis in fact in the record for the Assistant Chief's finding. Under these circumstances, reversal is required. Under our decisions in Tellez v. Chaffee, 9 Cir., 1972, 467 F.2d 218, Christensen v. Franklin, 9 Cir., 1972, 456 F.2d 1277, and Pinkus v. Pearson, 9 Cir., 1971, 449 F.2d 162, Wallace is entitled to his discharge.

Zemke v. Larsen, 9 Cir., 1970, 434 F.2d 1281, is not in point. In that case the deciding body was the Army Conscientious Objectors' Review Board and, while the Board gave as its reason its conclusion that Zemke's views were not based upon religious training and belief, it also appeared from the decision that the Board, which was the deciding body, had a second independent reason for disapproval of Zemke's CO application, namely, that his beliefs were not sincerely held. We held that the first ground was ruled out by the subsequent decision of the Supreme Court in Welsh v. United States, 1970, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308, but that we could not tell whether the Board based its decision wholly or primarily on that ground or also on the ground of insincerity, and we remanded to permit the Board to decide whether insincerity was an independent ground. The situation in the present case is different. There is nothing in the decision of the Assistant Chief, who had the ultimate deciding authority, to indicate that he considered that Wallace was insincere. Under these circumstances, *Tellez, supra, Christensen, supra,* and *Pinkus, supra,* are in point. *Zemke* is not.

The order appealed from is reversed and the case is remanded to the district court with directions to issue the writ, unless within 30 days the Navy grants Wallace a discharge as a conscientious objector pursuant to 32 C.F.R. § 730.-18(p)(1).

MORELL E. SHARP, District Judge (concurring, dissenting in part):

I concur with the majority in concluding that the judgment of the district court cannot be affirmed for the reason that the finding of the Assistant Chief, expressed in his denial letter is ambiguous. The letter seems to indicate that the plaintiff's views have not changed except in degree since acceptance of his commission. The majority interprets this finding as an unjustified reliance on 32 C.F.R. § 730.18(b), which denies conscientious objection discharge when an in-service applicant's views were crystalized prior to entry into service, even though these views, if properly presented prior to entry, would have qualified him for exemption from service. In my opinion, however, the Assistant Chief's findings can also be reasonably interpreted as suggesting that the plaintiff was insincere in his beliefs initially and is still insincere. This was the conclusion of the investigating officer as quoted in the majority opinion. In my view, the record would clearly support denial on that basis. Accordingly, I believe that the Navy should have the opportunity to clarify its decision on remand.

In the three decisions cited by the majority as supporting reversal, Tellez v. Chaffee, 467 F.2d 218 (9th Cir. 1972), Christensen v. Franklin, 456 F.2d 1277 (9th Cir. 1972), and Pinkus v. Pearson, 449 F.2d 162 (9th Cir. 1971), there was no possibility of an ambiguous second basis for the denial by the military service. Once the stated finding in each of these cases had been found to lack basis in fact, there was no alternative to reversal.

On the other hand, Zemke v. Larsen, 434 F.2d 1281 (9th Cir. 1970), is directly in point. There, the court looked behind the basis for denial stated by the Army Conscientious Objector Review Board (a procedure specifically rejected in today's majority opinion) and exam-

ined the notes of the individual Board members to uncover a possible basis for rejection besides the impermissible one stated in the Board decision. That action was remanded to allow the military service a reasonable time for reconsideration. The same course should be followed here where the written decision of the deciding authority could arguably be found to contain a proper basis for denial besides the early crystalization basis rejected by the court.