Lieutenant Richard C. TAYLOR, Petitioner-Appellant,

v.

The Honorable W. Graham CLAYTOR, Jr. Secretary of the Navy, Radm. W. Hayley, Respondents-Appellees.

No. 78–1030.

United States Court of Appeals, Ninth Circuit.

Aug. 7, 1979.

Richard P. Fox, A Professional Law Corp., Los Angeles, Cal., for petitioner-appellant.

Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., for respondents-appellees.

Before TRASK and WALLACE, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Appellant Richard C. Taylor, a Naval reservist, brought this habeas corpus action in an effort to secure his release from the Navy on the ground that he is a conscien-

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

tious objector. The United States District Court for the Central District of California held that there was a "basis in fact" for the Navy's refusal to grant appellant's request for conscientious objector status and dismissed his petition for a writ of habeas corpus. We affirm.

## MOOTNESS

After almost two years of Naval service, appellant was released from active duty on February 10, 1979. He remains a member of the Naval Reserve and is subject to being recalled to active duty. Both sides agree that this potential for recall "represents a sufficient 'adverse collateral consequence' as to obviate mootness and require a consideration of the merits." *Bratcher v. McNamara,* 448 F.2d 222, 224 (9th Cir. 1971) (citations omitted).

## MERITS

■ To qualify as a conscientious objector, the applicant must establish that he is opposed to war *in any form, Gillette v. United States,* 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971), that his opposition is based upon religious training and belief, *Welsh v. United States,* 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), *United States v. Seeger,* 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and that his objection is sincere, *Witmer v. United States,* 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). Once the applicant has asserted a prima facie claim for conscientious objector status, the burden of proof shifts to the government to demonstrate a "basis in fact" for denial of his application. Judicial review under the "basis in fact" test is "the narrowest review known to law." *Sanger v. Seamans,* 507 F.2d 814, 816 (9th Cir. 1974). The reviewing court does not weigh the evidence for itself or ask whether there is substantial evidence to support the military authorities' denial of the applicant's request for conscientious objector status. *Witmer v. United States, supra,* 348 U.S. at 380–81, 75 S.Ct. 392. Rather, the court "search[es] the record for some affirmative evidence" to support the authorities' overt or implicit finding that the applicant "has not painted a complete or accurate picture of his activi-

ties." *Dickinson v. United States,* 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953). Put another way, the reviewing court should look for "some proof that is incompatible with the applicant's claims." *Id.*

■ Appellant asserted a prima facie claim for conscientious objector status. Hence the question for decision is whether the Navy sustained its burden of proof. The Navy stated two grounds for denying appellant's application: (1) Taylor objected to some but not all wars; and (2) his opposition stemmed from political and philosophical, rather than religious, beliefs. Adopting the magistrate's revised findings of fact and conclusions of law, the district court held that there existed a "basis in fact" for the first ground but not the second. We need not discuss the second ground because we agree with the court below that the administrative record contains a sufficient "basis in fact" for the first ground.

The record shows that within a period of only two and one-half months, appellant made radically contrasting statements about the kinds of wars in which he was willing to participate. On October 15, 1975, appellant sent a letter dated September 15, 1975, to Commander F. E. Bennett of the Navy Recruiting Command in Arlington, Virginia, stating that he wished to resign his commission because military service was contrary to his beliefs. Appellant said he could not "support military intervention in 'no-win wars,' 'U.N. police actions,' and similar endeavors," but he would "immediately respond to a summons to protect our sovereign shores and borders from an imminent threat from without." C.R. 37. On January 3, 1976, appellant submitted a written application for classification as a conscientious objector which said that "[o]ver the past two years" he had reached "the unalterable belief that, for reasons of conscience, I cannot participate in war or in the military in any form, for any reason, in any capacity." C.R. 21. The inconsistent declarations cast serious doubt on the validity of appellant's contention that he satisfied the *Gillette* requirement of opposition to war in

any form. We are unpersuaded by appellant's attempt to explain away the inconsistencies by claiming that his antiwar beliefs did not crystallize until after October 15, 1975. That assertion is flatly contradicted by the January 3, 1976 application which said Taylor's views about war had formed over the past two years.

When the October 15th letter and the January 3d application are placed side by side, it is readily apparent that appellant "has not painted a complete or accurate picture of his activities." *Dickinson v. United States, supra,* 346 U.S. at 396, 74 S.Ct. at 157. The inconsistencies in these documents furnished an adequate "basis in fact" for the Navy's denial of appellant's application. We hold that the district court ruled correctly when it dismissed appellant's petition for a writ of habeas corpus.

AFFIRMED.