Dr. Audrey S. KOH, Petitioner-Appellee,

v.

**SECRETARY OF THE AIR FORCE, Respondent-Appellant.**

No. 82–4529.

United States Court of Appeals, Ninth Circuit.

Argued July 11, 1983.

Submitted Aug. 1, 1983.

Decided Aug. 19, 1983.

Before SWYGERT,* NELSON and CANBY, Circuit Judges.

SWYGERT, Senior Circuit Judge:

The Secretary of the Air Force ("Secretary") appeals from the district court's judgment, 559 F.Supp. 852, that the Secretary lacked a "basis in fact" to deny Dr. Audrey S. Koh's application for conscientious objector status. In *Taylor v. Claytor*, 601 F.2d 1102 (9th Cir.1979), we discussed the standard of judicial review of the military's denial of conscientious objector status:

> Once the applicant has asserted a prima facie claim for conscientious objector status, the burden of proof shifts to the government to demonstrate "a basis in fact" for denial of his application. Judicial review under the "basis in fact" test is "the narrowest review known to the law." *Sanger v. Seamans*, 507 F.2d 814, 816 (9th Cir.1974). The reviewing court does not weigh the evidence for itself or ask whether there is substantial evidence to support the military authorities' denial of the applicant's request for conscientious objector status. *Witmer v. United States*, ..., 348 U.S. [375] at 380–81 [75 S.Ct. 392 at 395, 99 L.Ed. 428], .... Rather, the court "search[es] the record for some affirmative evidence" to support the authorities' overt or implicit finding that the applicant "has not painted a complete or accurate picture of his activities." [citation omitted]. Put another way, the reviewing court should look for "some proof that is incompatible with the applicant's claims." [citation omitted].

601 F.2d at 1103.

We mention here three of the five "facts" upon which the Secretary based the denial. First, Koh's two previous applications for discharge were based upon grounds other than an opposition to war in any form. In these earlier applications, Koh alleged that she had been misled about the terms of her military commitment, and

---

Peter B. Sandmann, Turner & Sandmann, San Francisco, Cal., for petitioner-appellee.

John F. Barg, Asst. U.S. Atty., San Francisco, Cal., for respondent-appellant.

---

* The Honorable Luther M. Swygert, United States Senior Circuit Judge for the Seventh Circuit, Chicago, Illinois, sitting by designation.

that the overall milieu of the military was not compatible with her own expectations or lifestyle. Koh objected to the bureaucracy, regimentation, isolation, and sexism of the military, but Koh did not express moral, religious, or philosophical opposition to war. Second, Koh submitted her conscientious objector claim one month after receiving active duty orders. While the timing of a conscientious objector claim cannot be the only basis for a finding of insincerity, it can be one of the facts which casts doubt on an applicant's sincerity. *Christensen v. Franklin,* 456 F.2d 1277, 1278 (9th Cir.1972). Third, Koh enrolled in a medical training program which conflicted with her military commitment.

The district court's treatment of these facts was an improper application of the standard of review set forth in *Taylor v. Claytor, supra.* The sole question is whether there was some proof that is incompatible with the applicant's claims. These three facts taken together provided the Secretary with a basis in fact to conclude that expedience rather than sincerity prompted the application.

The judgment of the district court is reversed.