985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erik Glen LARSEN, Petitioner-Appellant,
v.
COMMANDANT, UNITED STATES MARINE CORPS, et al., Respondents-Appellees.
 No. 92-15127.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided Feb. 4, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-91-00812-VRW; Vaughn R. Walker, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Larsen appeals the district court's denial of his petition for a writ of habeas corpus. The United States Marine Corps denied Larsen's application for conscientious objector status. Larsen argues that the investigating officer who considered his application violated due process in preparing the investigation report and that the Marine Corps lacked a basis in fact for its denial of his application. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253, and we affirm.
 
 
 3
 * Larsen first argues that the investigating officer, Lieutenant Colonel Thomas Bowman, violated due process by contacting additional witnesses by telephone after the hearing on Larsen's application and by failing to take into account the psychiatrist's and chaplain's reports of their interviews with Larsen. Bowman contacted the additional witnesses in an attempt to locate an "unknown Marine" who had influenced Larsen's decision to seek conscientious objector status. Bowman prepared a summary of his interview with Staff Sergeant William Kirby, who Bowman believed to be the only Marine matching the profile of the "unknown Marine" as described by Larsen. Kirby denied any contact with Larsen, leading Bowman to conclude that "the 'Unknown Marine' is unknown because he does not exist."
 
 
 4
 There is no constitutional or statutory right of a member of the armed services to be classified as a conscientious objector--the right derives solely from military regulations. Parisi v. Davidson, 405 U.S. 34, 38 n. 2 (1972). Therefore, the only due process right that Larsen may assert is the right to have the Marine Corps comply with its own regulations and the regulations of the Department of Defense. Cf. Garrett v. Lehman, 751 F.2d 997, 1007 (9th Cir.1985) (no due process violation where investigation complies with Marine Corps Separation and Retirement Manual).
 
 
 5
 Larsen argues that Bowman violated a provision of Marine Corps Order (MCO) 1306.16E:
 
 
 6
 As part of the investigation, the investigating officer will seek information from commanders, supervisors, co-workers, clergy, friends, records, and any other sources which may contribute to the final recommendation. Information so obtained will be presented to the applicant at the hearing.
 
 
 7
 MCO 1306.16E, enclosure (7), p 3. This language is not part of the body of MCO 1306.16E, but is contained in an enclosure entitled "Guide to Investigating Officer." See also MCO 1306.16E, p 6(e) ("Enclosure (7) is a guide to the investigating officer...."). Standing alone, this apparently non-binding provision might be persuasive regarding Larsen's due process rights.
 
 
 8
 However, the binding obligations of the investigating officer, which are set forth elsewhere in MCO 1306.16E and in other Department of Defense regulations, make it clear that the investigating officer may consider evidence not presented at the hearing:
 
 
 9
 The investigating officer will conduct the investigation, hold a hearing on the application, and prepare the investigative report. This report, along with the individual's application, administrative documents, the chaplain's and doctor's reports, and any other items submitted by the applicant will constitute the record of the case. The investigating officer's recommendation will be based on the entire record and not merely on the evidence produced at the hearing. A copy of the investigating officer's report will be provided to the applicant.... The applicant will be informed of the right to submit a rebuttal to the report within 7 days.
 
 
 10
 MCO 1306.16E, p 6(e) (emphasis supplied). The Department of Defense regulations on conscientious objectors also allow evidence outside the hearing to be considered:
 
 
 11
 The hearing will be informal in character and will not be governed by the rules of evidence employed by courts-martial.... Any relevant evidence may be received. Statements obtained from persons not present at the hearing need not be made under oath or affirmation.
 
 
 12
 32 C.F.R. § 75.6(d)(2)(ii). The regulations further provide that "the investigating officer will prepare a written report which will contain ... [a]ny documents, statements and other material received during the investigation." 32 C.F.R. § 75.6(d)(3). Moreover, the "Guide to the Investigating Officer" on which Larsen relies contains language identical to the language of 32 C.F.R. § 75.6(d)(2)(ii) quoted above. MCO 1306.16E, enclosure 7, p 4(e).
 
 
 13
 Larsen had the opportunity to respond to Bowman's post-hearing investigation in his rebuttal to Bowman's final report. Furthermore, Bowman informed Larsen at the hearing of his intention to attempt to locate the "unknown Marine." Bowman provided a copy of his summary of the interview with Kirby to Larsen prior to preparation of the final report and allowed Larsen to respond. These procedures were sufficient to satisfy the due process requirements of the applicable regulations.
 
 
 14
 Bowman also did not violate due process by failing to consider the psychiatrist's and chaplain's reports. These reports were listed as enclosures to Bowman's final report. The regulations at issue here do not require the investigating officer to attach any particular weight to the psychiatrist's and chaplain's reports or to mention them in his final report.
 
 II
 
 15
 Larsen also argues that there was no basis in fact for the Marine Corps' denial of his application. Larsen's application was filed shortly after the United States became militarily involved in the Persian Gulf. He cites several cases for the proposition that a conscientious objector application may not be denied on the basis of timing alone. See, e.g., Strait v. Laird, 464 F.2d 205 (9th Cir.1972).
 
 
 16
 In order to qualify as a conscientious objector, an applicant
 
 
 17
 must show that he is conscientiously opposed to war in any form, ... that this opposition is based upon religious training and belief, ... [and] that this objection is sincere.
 
 
 18
 Clay v. United States, 403 U.S. 698, 700 (1971) (citations omitted). Bowman concluded that Larsen failed to satisfy any of the elements of this test. This decision is reviewed under the "basis in fact" test:
 
 
 19
 Judicial review under the "basis in fact" test is "the narrowest review known to the law." The reviewing court does not weigh the evidence for itself or ask whether there is substantial evidence to support the military authorities' denial of the applicant's request for conscientious objector status. Rather, the court "search[es] the record for some affirmative evidence" to support the authorities' overt or implicit finding that the applicant "has not painted a complete or accurate picture of his activities."
 
 
 20
 Koh v. Secretary of the Air Force, 719 F.2d 1384, 1385 (9th Cir.1983) (quoting Taylor v. Claytor, 601 F.2d 1102, 1103 (9th Cir.1979)) (citations omitted). Furthermore, the court in Koh held that "[w]hile the timing of a conscientious objector claim cannot be the only basis for a finding of insincerity, it can be one of the facts which casts doubt on an applicant's sincerity." Id. at 1386.
 
 
 21
 In denying Larsen's application, the Marine Corps relied on, among other things, the inability of Larsen to identify the "unknown Marine"; the fact that Larsen's application failed to mention his experiences at Dugway Proving Grounds, where he later claimed to have made the final decision to seek conscientious objector status; the fact that Larsen performed his duties extremely well and volunteered for extra service shortly before applying for conscientious objector status; and the timing of Larsen's application. These factors provided a sufficient basis in fact for the Marine Corps' decision.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3