15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Samuel E. PERLER-TOMBOLY, M.D., Captain, U.S. Air Force,
Petitioner-Appellant,
v.
SECRETARY OF THE AIR FORCE, and Commander Davis-Monthan Air
Force Base, Arizona, Respondents-Appellees.
 No. 92-16338.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Nov. 24, 1993.
 
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 United States Air Force Captain Samuel E. Perler-Tomboly, M.D., sought a discharge as a conscientious objector (CO). The Secretary of the Air Force twice denied Captain Perler-Tomboly's application for CO status on the basis that the facts impeached his sincerity. Captain Perler-Tomboly thereafter petitioned the district court for a writ of habeas corpus, which the district court denied. On appeal, Captain Perler-Tomboly contends that he established a prima facie case for CO status and the district court erred in denying his petition because the Secretary's decision lacks a basis in fact. Captain Perler-Tomboly also argues that the Air Force made procedural errors which violated his right to due process.
 
 
 3
 We affirm the denial of habeas relief because the Secretary's decision to deny Captain Perler-Tomboly's CO application is supported by a basis in fact. We further conclude that one of the procedural arguments advanced by Captain Perler-Tomboly is meritless, and the remainder may not be considered in this appeal because they were not raised in the district court.
 
 
 4
 I. The Secretary's Decision to Deny Perler-Tomboly's Application is Supported by a Basis in Fact.
 
 
 5
 In order to qualify as a conscientious objector, an applicant must demonstrate 1) that he is opposed to war in any form, 2) that his opposition is based upon religious training and belief, and 3) that his objection is sincere. Taylor v. Claytor, 601 F.2d 1102, 1103 (9th Cir.1979). "Once the applicant has asserted a prima facie claim for conscientious objector status, the burden of proof shifts to the government to demonstrate a 'basis in fact' for denial of his application." Id. Judicial review under this "basis in fact" test is " 'the narrowest review known to law.' " Id. (quoting Sanger v. Seamans, 507 F.2d 814, 816 (9th Cir.1974)). Thus, the government's decision should be affirmed as long as there is some evidence that is incompatible with the applicant's claims. See Dickinson v. United States, 346 U.S. 389, 396 (1953).
 
 
 6
 The Secretary listed six findings in support of her conclusion that Captain Perler-Tomboly's CO application should be denied. Each of these findings went to the issue of sincerity. The question thus presented in this appeal is whether, within the six findings, the Secretary had a basis in fact for her decision. Because we hold that two of the findings constitute a basis in fact for denying Captain Perler-Tomboly CO status, we do not address the remaining four.
 
 
 7
 In April of 1989, Captain Perler-Tomboly told Major General Wright that although he wished to be released from his obligation to the Air Force, he would serve if required to do so. In the Secretary's second finding, she concluded that this statement, which took place five months after Captain Perler-Tomboly claimed his views had crystallized, was inconsistent with sincere conscientious objector beliefs, "even if, as Captain Perler-Tomboly assert[ed], he did not then know the meaning of the term 'conscientious objector.' " SAR 2.
 
 
 8
 Captain Perler-Tomboly contends that this finding improperly infers that he must be prepared to disobey orders for active duty to qualify as a CO and that since this is untrue, the finding does not demonstrate a basis in fact for denying CO classification. Captain Perler-Tomboly has mischaracterized the Secretary's finding. The Secretary did not state that Captain Perler-Tomboly's failure to indicate that he refused to serve demonstrated insincerity. Rather, the Secretary stated that Captain Perler-Tomboly's voluntary expression of a willingness to serve conflicted with the beliefs held by true conscientious objectors, thus indicating a lack of sincerity, whether or not Perler-Tomboly knew what the term "conscientious objector" meant. One may possess the beliefs amounting to conscientious objection without knowing the military definition of that status.
 
 
 9
 Captain Perler-Tomboly further contends that his right to due process was violated by the use of information obtained in his "extra-regulatory" interview with Major General Wright, because he "was not accorded the rights and safeguards accorded to conscientious objector applicants by regulation" during his interview. Blue Br. at 15.[1] Captain Perler-Tomboly cites Hollingsworth v. Balcom, 441 F.2d 419 (6th Cir.1971), in support of this proposition. In Hollingsworth, the Sixth Circuit held that conducting an interview with a CO applicant without advising him of his rights violated regulations and the applicant's right to due process. Id. at 422-24. By contrast, in this case General Wright's interview took place before Captain Perler-Tomboly had submitted a CO application or had given sufficient indication that his beliefs would qualify for CO status. Indeed, the purpose of the interview was to ascertain Captain Perler-Tomboly's motivation for desiring to leave the Air Force. At the time General Wright spoke with Captain Perler-Tomboly, the procedural requirements for CO applications had not yet been implicated. Accordingly, his rights thereunder could not have been violated.
 
 
 10
 The Secretary did not err by considering Captain Perler-Tomboly's professed willingness to serve after he supposedly acquired the beliefs that would make him resistant to doing so. This statement constituted a basis in fact for questioning Captain Perler-Tomboly's sincerity.
 
 
 11
 The Secretary's fifth finding questions the sincerity of Perler-Tomboly's CO claim on the basis that he refused to cooperate fully with the Investigating Officer, which, in turn, "impeded the process of ascertaining and assembling all relevant facts and creating a comprehensive record...."
 
 
 12
 Perler-Tomboly contends that this finding does not constitute a basis in fact for denying his CO application because 1) the record directly contradicts it, 2) the Investigating Officer lacked express authority to seek from him the names of additional witnesses and attendance at a second chaplain interview and thus his failure to comply may not be held against him, and 3) the Investigating Officer abandoned his request for the chaplain's second interview. None of these arguments is persuasive.
 
 
 13
 First, the portion of the record to which Captain Perler-Tomboly cites as proof that he was cooperative refers only to his behavior at the investigative hearing, not to his conduct thereafter. Second, the fact that AFR 35-24 does not expressly authorize the Investigating Officer's requests is not determinative. The Investigating Officer's requests fell within the scope and purpose of the regulation. See AFR 35-24 Sec. 18b(1)(b) & (c) (stating that the purpose of the investigation is to "[e]nable the investigating officer to ascertain and assemble all relevant facts" and "[c]reate a comprehensive record"); AFR 35-24 Sec. 18c(6) (contemplating the possibility of more than one chaplain's report: "The investigating officer's report, along with the member's application, all interviews with chaplains or doctors, evidence received as a result of the ... hearing, and any other items submitted by the applicant ... constitutes the record."). Furthermore, nothing in AFR 35-24 proscribes requests for additional information designed to facilitate a decision regarding a CO application.
 
 
 14
 Third, Captain Perler-Tomboly asserts that the Investigating Officer abandoned his request for a second chaplain interview because the chaplain refused to reinterview him. Captain Perler-Tomboly is correct that the chaplain did not want to reinterview him, but not for reasons which would favor Captain Perler-Tomboly. Rather, the chaplain found Captain Perler-Tomboly's earlier responses to be "elusive" and believed that a further interview would be unproductive. Moreover, the chaplain's reservations with regard to reinterviewing Captain Perler-Tomboly are irrelevant to his wholly independent refusal to submit to a second interview.
 
 
 15
 Since Captain Perler-Tomboly failed to cooperate fully with the process by which he might have obtained a release from the Air Force, the Secretary had a basis in fact for concluding that he was not sincere in his CO beliefs.
 
 
 16
 II. Perler-Tomboly's Failure to Raise His Due Process Claims in the District Court Bars Review of These Issues on Appeal.
 
 
 17
 In this appeal, Captain Perler-Tomboly raises several issues which he did not raise in the district court. First, he claims that his right to due process was violated by the Secretary's reliance upon the Air Force's earlier decision denying his CO application because that decision was flawed for failure to allow him to rebut some of the materials used against him. Second, Captain Perler-Tomboly asserts that the Secretary should not have considered an affidavit submitted by the first decision maker because it "memorialize[d] an illegal decision" and was therefore "tainted." Blue Br. at 27, 29. Finally, Captain Perler-Tomboly contends that the Secretary used an impermissible standard in making the second decision to deny his application.
 
 
 18
 None of these contentions were raised in the district court and thus may not now be addressed for the first time on appeal. Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987). Although there are exceptions to the rule prohibiting consideration of new issues on appeal, none of the exceptions apply in this case. See id. (This court will only review newly-raised issues if 1) that review is necessary to prevent a miscarriage of justice, 2) a new issue has arisen while appeal is pending because of a change in the law, or 3) the issue is purely one of law and the necessary facts are fully developed.).
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Government argues that this issue, among others listed later in this opinion, was not raised in the district court and thus may not be addressed on appeal. We disagree. This issue was raised in the petition to the district court